FILED
United States Court of Appeals
Tenth Circuit

August 17, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDWARD R. MCTAGGART,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

Defendant-Appellee.

No. 08-6189
(D.C. No. 5:07-CV-00633-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Edward R. McTaggart appeals from the denial of his application for social

security disability benefits. We have jurisdiction under 42 U.S.C. § 405(g) and

28 U.S.C. § 1291, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. McTaggart first applied for benefits on June 2, 1998. He alleged that as of September 26, 1997, he was unable to work as the result of an on-the-job back injury that occurred in September 2006. He also alleged disability from migraine headaches and depression. Regarding his back injury, Mr. McTaggart relied, among other things, on reports from two physicians, Stan Pelofsky and Michael Carl, who saw him in connection with his workers' compensation claim. The Commissioner denied the application at the initial and reconsideration levels, and following a hearing, an administrative law judge (ALJ) denied the claim in a decision dated January 14, 2000. On June 25, 2003, the Appeals Council denied Mr. McTaggart's request for review.

But instead of filing an appeal, Mr. McTaggart filed a new application for benefits on August 17, 2004, in which he alleged a new onset date – January 1, 2002. In addition to his 1996 back injury, he claimed arthritis (in his back), emphysema, glaucoma, depression and heart problems as additional impairments. Again, the Commissioner denied the application at the initial and reconsideration levels, and following a hearing, the ALJ denied the claim in a January 26, 2007, decision. In March 2007, the Appeals Council denied his request for review. Mr. McTaggart then filed a complaint in the district court, which entered an order that affirmed the ALJ's decision. This appeal followed.

Mr. McTaggart raises one issue on appeal: whether the ALJ properly evaluated the opinions of Drs. Pelofsky and Carl. According to Mr. McTaggart,

these were his treating physicians, and the ALJ erred because he failed to explain what weight he gave their opinions. On March 9, 1998, Dr. Pelofsky wrote to a workers' compensation judge that Mr. McTaggart "has reached maximum medical improvement[,] . . . [and] can return to gainful employment at any time avoiding heavy physical stresses to the lumbrosacal region such as lifting weight over 25 pounds and avoiding repetitive bending, twisting, stooping, etc." Aplt. App., Vol. II at 154. At or near the same time, Dr. Pelofsky filled out a workers' compensation form titled "Physician's Release And Restrictions," *id*. at 326, in which he checked a box giving Mr. McTaggart a full duty release with permanent restrictions, including that he not lift, pull or push more than twenty-five pounds, and that he should not crawl, squat or stoop. On March 17, 1998, Dr. Carl wrote to the workers' compensation judge that he agreed with Dr. Pelofsky's comments and recommendations. Mr. McTaggart never saw either physician again.

In his decision, the ALJ mentioned Dr. Pelofsky's reports, including the March 9 letter. The decision discusses Dr. Carl's participation, but does not mention his March 17 letter. However, there was no need to do so because it parrots Dr. Pelofsky's opinion, which the ALJ did specifically consider. In any event, the ALJ did not describe either as treating physicians and thus did not explain the weight given to their reports. To be sure, the regulations require an ALJ to "give good reasons" in his decision as to the weight applied to a treating physician's opinion. 20 C.F.R. § 416.927(d)(2). But to trigger this requirement,

Drs. Pelofsky and Carl must in fact have been treating physicians. If they were not, the ALJ did not have to explain the reasons for the weight he gave their opinions; instead he need only have considered them, which he did. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003); *see also* 20 C.F.R. § 416.927.

As we explained in *Doyal*, "[t]he treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time. . . . A physician's opinion is therefore not entitled to controlling weight on the basis of a fleeting relationship, or merely because the claimant designates the physician as [his] treating source." *Id.*, 331 F.3d at 762-63 (quotation marks & italics omitted). Indeed, the regulations define a non-treating physician as one "who has examined you but does not have, or did not have, an ongoing treatment relationship with you." 20 C.F.R. § 416.902. By contrast, a treating physician is defined as someone

> who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with [a physician] when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s).

*Id.*

We agree with the Commissioner that neither Dr. Pelofsky nor Dr. Carl were treating physicians. The only time Mr. McTaggart saw these doctors was in connection with his workers' compensation claim. They were appointed by the

workers' compensation court instead of being selected by Mr. McTaggart. Neither treated him over an extended period; instead, Dr. Carl saw Mr. McTaggart on a few occasions in a one-month period, and Dr. Pelofsky saw him on three occasions in a three-month period. Nor did Mr. McTaggart see them with the frequency one would expect for the evaluation of his back condition; indeed, Mr. McTaggart never saw either physician following their March 1998 evaluations prepared for the workers' compensation proceedings.

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge